Davis *v.* Morris.

[NEW YORK GENERAL TERM, September 16 1861. *Clerke, Ingraham* and *Leonard,* Justices.]

---

EZRA P. DAVIS, Receiver, &c. *vs.* FRANCIS MORRIS, impleaded with E. H. Hudson.

In January, 1853, D., as receiver, leased certain premises at auction, to H., the latter bidding the rent of $14,500, and giving security by bond, for the erection of a building. On the 25th of March, 1853, before the term commenced, M. became the principal party in interest; and thereupon H. and M. executed two instruments, by one of which H., after reciting the lease to him, assigned to M. the indenture of lease, and the entire term, " saving and excepting the last day of the said term, and *subject, nevertheless, to the rents, covenants, conditions and provisions therein also mentioned;*" and by the other instrument, which bore the same date, and recited the assignment, they mutually agreed as follows, viz. that M. should advance $15,000 to-

wards erecting a building, H. to advance the residue, if more was neces-
sary; that they should own the building equally; that M. should make all
the leases to their tenants, receive all the rents, manage the finances and
keep the accounts; and that all taxes, assessments, expenses of repairs, &c.
and all *rents* that should accrue on the said lease, after completion of the
building, should, in the first instance, be paid and defrayed out of the rents
and income of the building. The rents and income were next to repay
M.'s advances, and the residue to be shared equally between M. and H., and
the right was given to M. to surrender to H. at any time after the expira-
tion of three years. On the 10th of June, 1853, H. and M. executed an in-
strument of that date, by which, after reciting the agreement of March
25th, H., in consideration of $1000, sold, transferred, assigned and quit-
claimed to M. all his right, title and interest under the said agreement, and
in and to " *the premises* " therein mentioned; provided that nothing therein
contained should affect the right of M. to surrender the said premises in
the manner mentioned in the assignment of the lease to M. After the ex-
ecution of this instrument H. had nothing to do with the premises, and was
insolvent. M. had the sole control of the premises from the commence-
ment of the term; erecting buildings, making leases, collecting rents, &c.
Neither of the assignments reserved any rent in favor of H. In an action
by the lessor, against M. and H., to recover the rents due upon the lease, *it
was held* that the word "premises," in the assignment of June 10th, did
not necessarily refer to the lease, or the term thereby granted; and that
the proviso, that the right to surrender the premises should not be affected
by that assignment, required the court to hold that the last day of the term,
reserved by the assignment of the lease, was not affected, conveyed or re-
leased by the instrument of June 10th; and that M. was not liable for rents,
as the assignee of the lease.

THIS action was brought to recover the ground rents due
to the plaintiff, as receiver of the Lorillard estate, for
the premises 212 Broadway, from the 1st of May, 1855, to
the 1st of May, 1857, being $29,000, less two payments of
$2000 each, paid by Morris, on account. In January, 1853,
Nicholas Dean, then the receiver, and acting under an order
of this court, leased the premises at auction to Hudson, he
bidding the rent of $14,500, and giving security by bond for
the erection of a building. On the 25th of March, 1853,
before the term commenced, Morris became the principal
party in interest; and thereupon, Hudson and Morris exe-
cuted two instruments, by one of which Hudson, after re-
citing the lease to him, assigned to Morris the indenture of

Davis v. Morris.

lease, and the entire term, "saving and excepting the last day of the said term, and *subject, nevertheless, to the rents, covenants, conditions and provisions therein also mentioned;*" and by the other instrument, which bore the same date, and recited the assignment, they mutually agreed as follows, viz. that Morris should advance $15,000 towards erecting a building, Hudson to advance the residue, if more was necessary; that they should own the building equally; that Morris should make all the leases to their tenants, receive all the rents, manage the finances, and keep the accounts. And article 6th was as follows: "All taxes, assessments, premiums of insurance, expenses for repairs, and other expenses for the management and charge of said building, and all *rents* that shall accrue and become due on the said lease, after completion of the building, shall, in the first instance, be paid and defrayed out of the rents and income of said building." The rents and income were next to repay Morris' advances, and the residue was to be shared equally between Morris and Hudson. And the 9th article gave Morris the right to surrender to Hudson at any time after the expiration of three years. On the 10th of June, 1853, Hudson and Morris executed an instrument of that date, by which all Hudson's remaining interest in the lease and leasehold premises was relinquished to and vested in Morris. This, it was insisted by the plaintiff, was a relinquishment of the whole estate of Hudson; but Morris contended, either that it conveyed a less interest, or that it was a mere acquittance of his personal liability on his covenants. It recites the substance of the agreement of the 25th of March, except *the covenant in respect to payment of ground rent*, and then proceeds: "In consideration of $1000, to him, the said Hudson, in hand paid by said Morris, he, the said Hudson, doth hereby bargain, sell, assign, transfer and set over, remise, release and quitclaim unto said Morris, his executors, administrators and assigns, all his (the said Hudson's) right, title and interest, property, profit, claim and demand, under and by virtue of

the said recited agreement, *and in and to the premises therein mentioned,* provided that nothing herein contained shall affect, in any manner whatsoever, the right of the said F. Morris, his executors, &c. to surrender the said premises, in the manner mentioned and set forth in the assignment of the lease of the same to the said F. Morris." Morris had the sole and entire control of the premises from the commencement of the term; he erected the building, made all the under-leases, occupied part of the building himself, and collected all the rents of the residue and applied them entirely to his own use, until evicted by summary proceedings instituted by order of this court in June, 1857. Hudson had nothing to do with the premises after the assignment of the 10th of June, 1853. He was then, and has ever since been, insolvent. Neither of the assignments reserved any rent in favor of Hudson. Morris paid the full ground rents to the receiver from May, 1853, to May, 1855, and paid no rent to any one after that time, except $2000 to Dean in August, 1855, and $2000 to Davis in February, 1857. About the latter date, the receiver, at Morris' instance, applied to the court for leave to reduce his rent to $8000, but the court refused, assigning its reasons in full, which will appear in the reports of the case. (23 *Barb.* 528, *and 4th Abbott,* 210, 215, 216.)

The action was tried at a special term of the court before Hon. HENRY E. DAVIES, without a jury, on the first day of April, 1859. The facts were found by the judge, substantially as above. And as conclusions of law, upon the facts, the judge found, 1st. That the assignment and agreement of the 25th of March, 1853, and the acts of Morris under the same, were not sufficient to enable the plaintiff to maintain this action against him. 2d. That the assignments of the 25th of March and 10th of June, 1853, did not vest the entire lease or term in Morris, so as to make him liable to the receiver, by privity of estate or otherwise. 3d. That Morris

Davis v. Morris.

was not liable to the receiver by attornment, receipt of rents, or otherwise, and the complaint should be dismissed.

The judgment below was only *pro forma*, without argument or any actual decision of the questions, and only for the purpose of bringing them before the full court. The plaintiff appealed.

*A. P. Man*, for the appellant.

*C. O'Conor*, for the respondent.

*By the Court*, LEONARD, J. No liability accrued on the part of Morris from the terms of the assignment of the lease to him. The sixth article of the agreement of March 25, 1861, between Hudson and Morris, prescribes a rule between them for the appropriation and division of the proceeds arising from the rents and income of the building which they thereby agreed to erect. Morris was secured a fund for the refunding to him of his advances for constructing the building, $15,000, or more, if necessarily advanced, with interest. Hudson was secured, as to his interest, against the accumulation of charges on the common property, as well as Morris. It was an agreement for mutual protection and guidance, and a declaration of rights as against each other.

It was not the intention of either party to assume or create any personal liability, except so far as it might arise from a breach of the observance of the contract. Morris did not assume or guaranty to Hudson the payment of any rent, or other charges which might arise against the common property. The agreement was a rule by which they could ascertain when money should be applied to refund the advances of Morris, and when divided between them. There was nothing in this contract which could not be abrogated or released by either party, without fraud or injury to any other person. There was an absence of any intention to assume any liability or payment.

This case is not within the principle of those cases which hold that a grantee, who has received a conveyance subject to the payment of an outstanding mortgage as part of the consideration expressed therein, may be held to the payment of any deficiency arising after a sale of the mortgaged premises. In those cases, the grantee had not paid the full consideration money for the purchased premises. A legal liability exists in such cases, against the grantee, to indemnify the grantor against having to pay his mortgage. The grantor, being the principal debtor to the mortgagee, having a security in the obligation of his grantee to pay the full consideration agreed upon for the premises conveyed, a court of equity will enforce that obligation in favor of the mortgagee, in case the primary fund, the premises mortgaged, is found to be insufficient for the satisfaction of the mortgage debt. But there is no such grantor, and no such grantee incurring any similar obligation in this case. The assignment of the lease was originally made for the purposes only of the objects contemplated by the agreement simultaneously executed.

The transfer to Morris was partially, certainly to the extent of one half, in the nature of a security for the refunding of the $15,000 with interest. The title of Morris to the lease was of a qualified nature, subject to the common objects between the parties mentioned in the agreement executed simultaneously with the assignment of the lease. There was manifestly no intention on the part of Morris to guaranty Hudson against his liability on his covenants contained in the lease, and none to assume any liability to Hudson or any body else for the rent reserved thereon.

Assuming, however, that the assignment of the lease from Hudson to Morris, and the agreement simultaneously executed between them, raised an equitable obligation on the part of Morris to apply the rents which he should receive, or so much thereof as would be necessary to meet the ground rent reserved in the lease so assigned, there will still re-

Davis *v.* Morris.

main insurmountable obstacles to the application in this case of the equitable principles insisted on by the plaintiff.

First: All liability on the part of Morris, arising by reason of any thing contained in the agreement of March 25th, executed simultaneously with the assignment of the lease to him, was released and abrogated by the subsequent instrument of June 10th, 1853.

Second: The summary remedy given by statute, in case of the non-payment of rent, for the expulsion of the tenant, has been exercised by the landlord, and the lease has been thereby terminated, and the defendant Morris has been deprived of the building erected by him at a great expense on the premises thereby leased.

The lessor has obtained his land again, improved and ready for occupation, with a new and valuable building erected thereon, without trouble or expense to him. Of this building and its use and occupation Morris has been deprived by the exercise of the landlord's strict statutory, although lawful, right.

True the landlord has lost $25,000 rent, for which he has only such remedy as may be afforded by the covenants in his lease or the legal liability of Morris, if he can be held as the assignee of the whole term. But the landlord has obtained a valuable building, the cost of which was about equal to his loss, out of which he may very likely realize his present loss and possibly still more, before the expiration of the term mentioned in the lease.

That summary proceeding was the landlord's lawful right; but it certainly does not improve the landlord's right to invoke the interposition of the equitable powers of this court for his further protection. It is doubtful whether the landlord has not already been a gainer by the exercise of his statutory remedy above referred to, or, if he has not already been a gainer, whether he will not be, before the expiration of the term mentioned in his lease.

Certain it is, I think, that Morris, whom he now seeks to

make personally liable for the rent which had accrued and remained unpaid before he was summarily removed from the premises, must be a loser.

In my opinion, no case exists here for aid under the equitable powers of this court.

The complaint has been so framed as to state the present cause of action in two different forms, or, as they were formerly called, counts; one count being so framed as to call for equitable relief, to the extent of the rent collected by Morris from the premises leased, while the other count, although for the recovery of the same rent, calls for the whole sum in arrear, with interest, on the ground that Morris is the assignee of the whole term, and, on common law principles, is to be held liable for the whole rent while the premises are held by him.

It is insisted by the plaintiff, that the instrument of June 10th, 1853, vested in Morris the whole title to the lease in question, and the whole of the term and premises therein mentioned.

The instrument contains a proviso that the right of Morris to surrender the premises, in the manner mentioned in the assignment of the lease to him, is not affected. This clause shows that it was not the intention to convey or release the last day of the term which Hudson had reserved in assigning the lease to Morris. If a surrender is made of a lease, it must be to the landlord, or to some one having some estate in the land or in the term.

The day was reserved in the assignment of the lease from Hudson, without doubt, for the purpose of avoiding personal liability for the rent on the part of Morris. Without the reservation of some portion of the term, Morris would have been liable for the rent to the landlord. By the terms of the assignment, he reserved the right to surrender the lease, after three years, to the person who then executed the assignment thereof to him. On the 10th of June, 1853, after the assignment, the same parties executed another instrument,

Davis *v.* Morris.

expressly providing that the right to surrender the premises shall not be thereby affected. If the last day of the term, granted by the lease, which Hudson reserved when assigning it to Morris, was conveyed or released to Morris by the instrument of June 10th, the right of surrender, which the parties agreed to preserve, is affected—it is destroyed—there being nothing in existence between those parties, whereunto a surrender can be made; the proviso would be nullified, and the agreement of the parties defeated.

The instrument of June 10th, assigns, releases, &c. to Morris, all the interest of Hudson under the agreement of March 25th, and in and to the premises therein mentioned. There would be no ground for claiming that the last day of the term, reserved in the assignment of the lease, was released or assigned, except for the use of the word " premises," in the instrument of June 10th. That word does not, in my opinion, necessarily refer to the lease or the term thereby granted. The agreement of March 25th had been previously recited. The word premises is often used, in such a connection, to mean the scope or object of the subject referred to.

In my opinion, the proviso that the right to surrender the premises should not be affected, requires us to hold that the last day of the term, reserved by the assignment of the lease, was not affected, conveyed or released, by the instrument of June 10th, and that Morris is not liable as the assignee of the lease.

The judgment of the special term must be affirmed, with costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Barnard* and *Leonard*, Justices.]